UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-22346-CIV-KING/White
(Case No. 09-20762-Cr-KING)

ALEX KEVIN TAVERA,

   Petitioner,

v.

UNITED STATES OF AMERICA,

   Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO VACATE

This matter is before the Court on Petitioner Alex Kevin Tavera's ("Petitioner") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (DE 1).[1] The Court has reviewed the Motion, the Government's Response, the Magistrate's Report and Recommendation (DE 20), the government's objections to the same, and all relevant corresponding attachments and transcripts. For the following reasons, the Court disagrees with the Report and Recommendation and hereby DENIES Petitioner's Motion.

**A. Relevant Procedural and Factual Background**

On January 21, 2010, Petitioner pleaded guilty to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §1951(a), and two counts of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §922(g)(1). (DE 6 at 1). The remaining counts alleged in the Indictment against the Petitioner, Hobbs Act robbery, in violation of 18 U.S.C. §1951(b)(1) and (b)(3) (Count 2) and carrying a firearm during and in relation to a crime of violence,

---

[1] The Court will refer to entries on the criminal docket sheet (Case No. 09-20762-CR-King) as (CRDE ___).

1

in violation of 18 U.S.C. §924(c)(1)(A) (Count 3), were dismissed pursuant to a written plea agreement between the Movant and the United States (*See* CRDE 46). As part of his written plea agreement with the United States, Petitioner agreed to jointly recommend that a sentence of 235 months' incarceration be imposed either through a departure or variance notwithstanding any possible improper calculation of the Sentencing Guidelines.

A PSI was prepared in anticipation of sentencing (CRDE 6). Petitioner's base offense level was 20, plus ten levels for various specific offense characteristics, resulting in an adjusted offense level of 30 (*Id.*). The PSI designated the Petitioner to be an Armed Career Criminal based upon three prior violent felony convictions, which enhanced the Petitioner's offense level to 34 (CRDE 6 at 2).[2] At the Petitioner's sentencing hearing held on April 8, 2010, pursuant to the written terms of the plea agreement, the parties jointly recommended a guideline sentence of 235 months. At sentencing, the parties cited the seriousness of the instant offense; the Petitioner's extensive criminal history involving numerous armed robberies; and the benefit conferred upon the Petitioner by the government's agreement to dismiss more serious charges (Count 3) that would have resulted in a mandatory consecutive sentence of twenty-five years (*See* Sent. Trans., Ex. B, attached, at 4-8). In addition to *not* challenging any facts associated with his prior convictions, the Petitioner did *not* raise any argument related to the constitutionality of § 924(e) or whether any of his prior convictions supporting the enhancement qualified as a "violent felony" under § 924(e)(2)(B). This Court followed the parties' recommendation and sentenced the Petitioner within the Guidelines to 235 months' of incarceration.

---

[2] The three prior felony convictions described in the PSI were two New York state convictions for robbery in the first degree and attempted murder in the second degree, as well as a federal conviction for conspiracy to commit Hobbs Act robbery and the brandishing of a firearm during a crime of violence. The detailed facts underlying these three violent felony convictions were contained in the PSI and were not objected to by the Petitioner prior to sentencing. *See* PSI at ¶¶ 35-37.

On June 24, 2016, Movant filed the instant § 2255 motion (DE 1). In it, he argues in sum, that his convictions for New York robbery in the first degree and federal Hobbs Act robbery are not violent felonies pursuant to 18 U.S.C. § 924 (e)(1)(B)(i) because both crimes "can be committed without actual or threatened violent force, but instead by merely placing another in fear of injury to person or property" (*Id.* at 13), and that "injury may be inflicted – both on property and on a person – without any physical force at all, let alone the violent physical force required under the Elements Clause" (*Id.*).[3]

After the parties concluded briefing on the relevant issues the Magistrate Judge, on June 26, 2017 issued its R&R (DE: 20). The Magistrate Judge declared that two of the Petitioner's prior felony convictions for New York murder in the second degree and brandishing a firearm during and in relation to a crime of violence qualify as violent felonies under ACCA. However, the Magistrate Court reasoned that the Petitioner's third ACCA-qualifying conviction for New York robbery in the first degree with serious physical injury is not a violent felony under ACCA because, it reasoned, robbery with serious physical injury could be committed negligently or accidentally (DE 20 at p. 15-16). The Magistrate Judge thus recommended that the Petitioner's 235-month sentence imposed by this Court be vacated. The government objected to the Magistrate's analysis and ultimate holding, arguing that the Petitioner's prior conviction for New York robbery in the first degree qualifies as a violent felony under the ACCA.

**B. Findings of Fact and Conclusions of Law**

After reviewing of the record relevant to Petitioner's motion as well as the government's

---

[3] In the case of the New York robbery conviction, the Petitioner argues "the evidence in the record does not indicate which subdivision of [the state statute] Mr. Tavera was convicted of attempting to violate" (DE 5 at p. 10), and as such, in the absence of any *Shepard*-approved proof to suggest otherwise, the Court must assume that he was convicted of the least serious subdivision for ACCA purposes (*Id.*).

3

response, the Magistrate R&R, and the government's objection thereto, this Court finds that New York first-degree robbery is a violent felony as defined by 18 U.S.C. § 924(e)(2)(B)(i) (a crime punishable by imprisonment of more than one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another.") *Id.* Thus, the Petitioner has three qualifying violent felony convictions as defined by ACCA.

In his R&R, the Magistrate Judge looked to *Leocal v. Ashcroft*, 125 S.Ct. 377 (2004) and *United States v. Palomino-Garcia*, 606 F.3d 1317 (11th Cir. 2010) as authority to disqualify the Petitioner's New York first-degree robbery conviction as a violent felony as defined by ACCA. The Magistrate Judge's reliance on these decisions is misplaced. In *Leocal* the Supreme Court analyzed whether a Florida felony DUI by nature of it causing serious bodily injury was a "crime of violence" as defined by 18 U.S.C. § 16, a statute with nearly identical wording to ACCA's force clause (18 U.S.C. § 924(e)(2)(B)(i)). A "crime of violence" is defined by Congress in 18 U.S.C. § 16(a) as "an offense that has *as an element* the use . . . of physical force against the person or property of another"[4] *Leocal*, 125 S.Ct. at 381 (emphasis added).

Florida Stat. §316.193(3)(c)(2) makes it a third degree felony for a person to operate a vehicle while under the influence and, "by reason of such operation, caus[e] . . . [s]erious bodily injury to another." *Id.* The Court noted that the Florida DUI statute required proof of causation of the injury but it did not require proof of any particular mental state. *Id.* (citing *State v. Hubbard*, 751 So.2d 552, 562-564 (Fla. 1999)). In excising DUI crimes from the definition of crime[s] of violence, the Court emphasized as a critical aspect, that "a crime of violence is one involving the 'use . . . of physical force *against the person or property of another.*'" (*Leocal*, 125 S.Ct. at 382. The Court

---

[4] ACCA's force clause is identical to the definition of "crime of violence" found in 18 U.S.C. § 16(a) with the exception that "crime of violence" includes the use of physical force against a person or *property* of another.

4

added that "use" as contained in the definition of crime of violence "requires active employment." *Id.* (citing *Bailey v. United States*, 516 U.S. 137 (1995)). The Court ultimately held that the use of physical force required in connection with deeming a felony conviction a "crime of violence" was force that was intentionally used as opposed to negligently or accidentally used. *Leocal*, 125 S.Ct. at 382.[5]

Similarly, in *Palomino-Garcia*, the Eleventh Circuit declined to hold that a felony aggravated assault conviction in Arizona qualifies as a crime of violence under both the enumerated offenses provision § 2L1.2(b)(1)(A)(ii) (Nov. 2007) of the United States Sentencing Guidelines ("USSG"), and the force provision of the USSG (§2L1.2). The USSG provides for enhancements where a defendant has conviction[s] for crime[s] of violence. *Palomino-Garcia*, 606 F.3d at 1326. The Court held that aggravated assault in Arizona is not a "crime of violence" as defined by the USSG's force provision because it can be committed with a less than *intentional* mental state, in this case, *recklessly*.

Ariz. Stat. § 13-1204(A)(7) "provides that a person commits felony aggravated assault if he assaults someone (as defined by Arizona law) while he is in the custody of a law enforcement agency and has reason to know that the victim of the assault is an employee of that agency acting in an official capacity." *Id* at 1325. Assault as defined by Arizona law is "[i]ntentionally, knowingly or *recklessly* causing any physical injury to another person." *Id.* (citing Ariz. Stat. § 13-1203(A)(1)) (emphasis added). The Court noted that Arizona law defines recklessness as nothing more than the conscious disregard of a substantial and unjustifiable risk, *see* Ariz. Stat. § 13-105(c) (1995), this is

---

[5] In *Johnson v. United States*, 559 U.S. 133, 140 (2010), the Supreme Court clarified that "physical force" in the context of ACCA's force clause "means *violent* force – that is, force capable of causing physical pain or injury to another person."

more akin to negligence and cannot be said to require *intentional* use of force . . ." *Id.* Relying on the analysis contained in *Leocal,* along with similar decisions out of several sister circuits, *Palomino-Garcia* held that "a conviction predicated on a *mens rea* of recklessness does not satisfy the 'use of physical force' requirement under § 2L1.2's definition of 'crime of violence.'" *Palomino-Garcia,* 606 F.3d at 1336.

In its objection to the R&R, the government argues that New York first-degree robbery is not like aggravated DUI and aggravated assault because first-degree robbery cannot be committed accidentally or negligently. Rather, the government argues, robbery in New York requires the specific mental state to "forcibly steal [the] property" of another. N.Y. Penal Law § 160.15(01). Thus, the use of force is an essential element of the offense. As the government points out, courts in New York that have analyzed the issue have held that there is no additional mental state requirement beyond "forcibly stealing" for a robbery to become one in the first-degree. All that is required is a showing that one of the four aggravating factors contained the statute occurred along with the robbery. *See Stuckey v. United States,* Case No. 16-cv-01787-JPO (S.D.N.Y. December 1, 2016) (citing *People v. Gage,* 687 N.Y.S.2d 202, 204 (App. Div. 3rd Dep't 1999). New York robbery, therefore, is clearly distinguishable from aggravated DUI and assault because one cannot commit robbery within the meaning of New York law without employing specific intent. This Court agrees that "force" in the context of New York's robbery statute means that it must have been used by the perpetrator with the intent to effectuate the taking of the property of another (Larceny). *See People v. Chessman,* 75 A.D.2d 187, 193 (N.Y. App. Div. 2d Dep't 1980); *see also People v. Jennings,* 69 N.Y.2d 103, 118 (N.Y. 1986).

The Court declines to follow the Magistrate's recommendation that a specific intent requirement apply to both the underlying crime (robbery) and the use of *violent* force. While *Leocal*

requires a baseline level of intent in that crime must be committed with specific intent, it does not extend that requirement to the use of violent force. New York's robbery statute satisfies *Leocal's* baseline intent requirement. In defining "violent felonies," the ACCA requires no specific intent, but instead "focuses on aspects of a crime itself, not the intent required to commit it, requiring a violent felony to have 'as an element the use, attempted use, or threatened use of physical force against the person of another." *See Sean Stuckey v. United States*, Case. No. 16-cv-01787-JPO (S.D.N.Y. Dec. 1, 2016) (*citing* 18 U.S.C. Section 924(e)(2)(B)).

In its objection to the R&R the government cites to *Sean Stuckey v. United States*, Case No. 16-cv-01787-JPO (S.D.N.Y. Dec. 1, 2016) in support of the proposition that no specific intent requirement applies to the use of violent force. There, the district court analyzed a nearly analogous issue to the instant case, and rejected Stuckey's argument that first-degree robbery in New York required a showing that violent force used in connection with a robbery be intentional.[6] The Court in *Stuckey* held that all robberies under New York law require *specific* intent to the use or threatened use of physical force upon another person, and that such force must be intended by the perpetrator to deprive the victim of his or her property (larceny). Thus, any baseline specific intent required by the Court in *Leocal* is satisfied in every instance of robbery. *See Stuckey*, at 13. First-degree robbery is unlike the aggravated DUI and aggravated assault statutes at issue in *Leocal* and *Palomino-Garcia* respectively where no specific intent is required to obtain a conviction.

The Court is persuaded by *Stuckey,* and holds that ACCA does not prescribe a mens rea requirement relating to the use of violent force. The Court also holds that the physical force employed by the Petitioner in connection with his New York robbery conviction was violent force

---

[6] In *Stuckey* the petitioner challenged the designation of his prior conviction for New York Robbery in the First Degree (N.Y. Penal Law § 160.15(03)) (use or threatened use of a dangerous instrument or display of what appears to be a firearm in connection with a forcible taking of another's property).

7

as required by the Supreme Court in *Johnson,* 559 U.S. at 140 ("physical force" in the context of ACCA's force clause "means *violent* force – that is, force capable of causing physical pain or injury to another person."). Here, the Petitioner was convicted of taking the property of another by physical force, and in connection with the use of such force, serious physical injury resulted. *See* N.Y. Penal Law § 160.15(01).

The government also argues that the Petitioner's motion must fail because it is procedurally barred. The record of the Petitioner's trial proceedings demonstrate that he did not raise any claim challenging any part of his conviction or sentence on the grounds raised in the instant motion. Nor did the Petitioner raise any issue on appeal. The Petitioner in fact stipulated as part of his agreed-upon guilty plea that his sentence of 235 months was appropriate and reasonable. The Court finds that the Petitioner's claims are barred by the procedural default rule and no exception to the rule applies in this case. *Lynn v. United States,* 365 F.3d 1225, 1234 (11th Cir. 2004).

To overcome the procedural bar, Petitioner must show "cause" and "actual prejudice" for his failure to raise his claim earlier. *United States v. Frady,* 456 U.S. 152, 170 (1982); *Massaro v. United States,* 538 U.S. 500, 504 (2003) ("Claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."); *Reece v. United States,* 119 F.3d 1462, 1467 n.9 (11th Cir. 1997) (noting that double procedural default occurs when defendant neither objects in the trial court nor on direct appeal). If he cannot show cause and actual prejudice, movant is procedurally barred from proceeding with his habeas claim unless he demonstrates that he is "actually innocent." *Bousley v. United States,* 523 U.S. 614, 620-23 (1998).

Here, Petitioner cannot satisfy either exception. Petitioner did not raise the instant objections in connection with his guilty plea proceedings, nor did he seek relief by an appellate court. In fact, the Petitioner stipulated to the 235-month sentence, (a sentence which was below the statutorily

authorized maximum sentence of 240 months), irrespective of any potential error in calculation of the guidelines. Moreover, the record is clear that this Court imposed a guideline sentence based upon its own independent consultation of the factors contained in 18 U.S.C. § 3553. The vagueness doctrine of the Due Process Clause at issue in the *Johnson* case as applied to ACCA does not apply to the advisory guidelines. *See United States v. Matchett,* 802 F.3d 1185, 1194 (11th Cir. 2015) (the *Johnson* decision is limited to criminal statutes defining the elements of a crime and fixing a sentence and not the advisory guidelines, which "do neither."); *see also, Marcus Talley v. United States,* Case No. 15-CV-23518-Altonaga (S.D. Fla., July 21, 2016) (holding *Johnson* inapplicable to sentences imposed under the advisory guidelines). When parties jointly recommend a sentence *irrespective* of the applicable advisory guideline range, this alone constitutes grounds for denial of the Movant's claim (*see Nathaniel Moss v. United States,* Case No. 16-CV-61426-Cohn (S.D. Fla., October 20, 2016)). Because the Movant cannot show prejudice, his claim must be denied.

Finally, the Court also finds that the defendant is not entitled to relief under the doctrine of actual innocence. *Bousley,* 523 U.S. at 623. To establish the requisite probability of actual innocence, a defendant must show that it is "'more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). In the guilty plea context, in addition to showing that he was actually innocent of the offense to which he pled guilty, the defendant also must demonstrate that he was actually innocent of any charges of greater or equal seriousness that the government dismissed or withheld from charging in return for the guilty plea. *See Bousley,* 523 U.S. at 624 (more serious); *Lewis v. Peterson,* 329 F.3d 934, 937 (7th Cir. 2003) (equally serious). Here, the Government dismissed equally or more serious counts of the superseding indictment against the Petitioner (Counts 2 and 3), which counts included Hobbs Act robbery, and possessing a firearm in furtherance of a crime of violence, that is, Hobbs Act robbery. The Petitioner has made no claim or showing that he is actually innocent of these charges.

Accordingly, based on the totality of the circumstances,

It is **ORDERED, ADJUDGED**, and **DECREED** that:

Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (DE 1) is DENIED.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this 14th day of June 2018.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: *All counsel of record*

**Petitioner**
Alex Kevin Tavera
58510-053
Edgefield
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 725
Edgefield, SC 29824
*PRO SE*